**People of the State of Illinois, Defendant in Error, v. Lincoln Robinson, Plaintiff in Error.**

**Gen. No. 49,690.**

First District, Fourth Division.

July 29, 1964.

Edward R. Youhas, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, (Elmer C. Kissane and Richard T. Buck, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Upon transfer from the Supreme Court this case comes here on a consolidated appeal to review defendant's convictions under two indictments and two concurrent sentences of 14 to 15 years for the unlawful sale of narcotic drugs.

Two points are relied on for reversal: (1) that there was a break in the chain of evidence concerning the possession of the packages purchased from defendant, and, in consequence, a failure of necessary proof as to the narcotic character of their contents, and (2) that the evidence as a whole did not establish defendant's guilt beyond a reasonable doubt.

As to the first indictment, defendant's contention that there was a fault in the State's proof of the chemical content of the powders sold by defendant stems from an alleged discrepancy in the receipt given by the police laboratory for certain foil packages of powder. There was testimony that Officer Washington, the plainclothes detective who had purchased the packages from defendant, had taken the packages to the laboratory. There was also a stipulation that the powder in packages for which a receipt had been given by the laboratory to an Officer Healy had been tested and found to contain heroin.

From this it is apparent that unless the packages turned in to the laboratory by Washington were the same as those covered by the receipt to Healy there was a fatal defect in the State's case. But the record discloses that they were the same. There is uncontradicted testimony that Washington and Healy went together to the laboratory; that Washington placed the packages on the table there; that the technician then made out the receipt in Healy's name; and that the receipt to Healy covered the packages turned in by Washington.

As to the second indictment, it was stipulated that the police laboratory had analyzed a package of white powder in case number 61–143–C and found it to contain heroin. At the trial a stapled manila envelope bearing that case number and the name of the Chicago Police Crime Detection Laboratory (thus identifying the contents tested under that case number) was opened and a package was removed therefrom which Officer Washington positively identified as the tinfoil package which he had purchased from defendant.[1]

We believe that there was no hiatus in the proof in either case and that the evidence in this regard was sufficient to sustain the convictions.

■■ We have reviewed the entire record, and considering the evidence as a whole, find that there is testimony which, if believed, would support every essential element of the crime charged and prove the guilt of defendant beyond a reasonable doubt. Officer Washington testified that defendant made the sales directly to him in both instances. The defense

---

[1] In this frame of reference we attach no significance to the discrepancy between Officer Washington's testimony that defendant had sold him the package at 4721 Calumet Avenue, and the police laboratory report that the package had originated from 4741 Calumet Avenue.

interposed was that of alibi. Defendant and another witness testified to the alibi, and thus directly contradicted the evidence introduced by the State. The matter of credibility of the witnesses and the weight to be given to their testimony are, however, questions for the trial court, and not for us under the circumstances of this case.[2] People v. McCreary, 29 Ill2d 295, 300, 194 NE2d 233.

Accordingly, the judgments of the trial court are affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.

---

[2] In announcing his decision in the cases, which were heard without a jury, the trial judge commented that Officer Washington "gave clear cut testimony," and, as to defendant and his alibi witness, the trial judge said, "I don't believe either one of them."